UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SIGNATURE WAFERS, LLC,
    Plaintiff/Counterclaim-Defendant,

  v.                                Case No. 19-C-1816

HOSTESS BRANDS, LLC,
    Defendant/Counterclaim Plaintiff,

and

ABC CORPORATION and XYZ CORPORATION,
fictitious foreign or domestic corporations the
true identity of which is not presently known,
    Defendants.

---

## DECISION AND ORDER

In this action, Signature Wafers, LLC, and Hostess Brands, LLC, accuse each other of breaching a contract under which Signature agreed to manufacture a wafer product for Hostess. Hostess alleges, among other things, that Signature breached the contract by failing to timely deliver the quantity of product that it ordered. Signature alleges, among other things, that Hostess breached the contract by failing to pay for product that it delivered and by terminating the contract. Before me now is Hostess's motion to compel Signature to more fully respond to certain of its interrogatories and requests for the production of documents.[1]

---

[1] In the scheduling order for this case, I directed the parties to file all discovery motions under Civil Local Rule 7(h), which creates an expedited procedure for non-dispositive motions, unless they received court permission to file a motion under a different rule. *See* ECF No. 14, ¶ 5.b. Hostess did not seek or receive such permission, yet it did not file its motion to compel under Rule 7(h). I will not impose any penalty for this failure to comply

## A. Interrogatory No. 7

In its complaint, Signature Wafers alleges that the contract did not require it to produce the quantity of wafers Hostess requested. Instead, Signature alleges, the contract required it to use its "best effort[s]" to fulfill Hostess's orders. Compl. ¶ 8. Signature further alleges that, during the term of the agreement, the parties had "numerous communications, both in writing and oral," during which the parties agreed that Signature "would utilize its best efforts to fulfill as much [of] Defendant's Product needs as possible." *Id.* ¶ 11. With respect to this latter allegation, Hostess served the following interrogatory:

> Identify all "communications" to which You refer in Paragraph 11 of Your Complaint "where the Parties agreed that Plaintiff would utilize its best efforts to fulfill as much [of] Defendant's Product needs as possible."

ECF No. 21-3 at 8 of 10. After stating an objection to this interrogatory, Signature responded as follows:

> [Hostess] is referred to communications between Abraham "Abe" Brach and Robert Kissick, produced with plaintiff's document production, for a full and complete recitation of the emails and text communications responsive to this Interrogatory. In addition, there were extensive oral communications between Hostess and these same individuals.

ECF No. 21-6 at 6–7 of 12.

Hostess contends that Signature's response to the interrogatory is inadequate because Signature does not precisely identify any specific communication. During the meet-and-confer process that preceded Hostess's motion to compel, Signature's counsel elaborated on the response. He explained that no written correspondence exists that

---

with the scheduling order, but I ask that Hostess pay more careful attention to the court's orders and local rules in the future.

contains an explicit reference to using "best efforts," but that the concept of best efforts was implicit in the parties' course of dealing. ECF No. 21-11 at 4 of 7.[2] Signature's counsel further explained that "the majority of the communications between the parties concerning 'best efforts' were ongoing verbal interactions, for which our client did not maintain any log or records of when such communications occurred." ECF No. 21-12 at 2 of 5. In light of counsels clarifying remarks, Signature's response to Interrogatory #7 can be understood as meaning that it is unable to identify any communications that specifically mention an agreement to use best efforts, but that it believes that the concept of best efforts was implicit in every communication between the parties' representatives.

In its reply brief, Hostess contends that Signature's counsel's response shows that Signature has abandoned its claim that the parties agreed during the term of the agreement that Signature need only use its best efforts to fill orders. Hostess argues that the court should compel Signature to "confirm this in a formal written response to Interrogatory No. 7." ECF No. 24 at 9. But Hostess's characterization of counsel's response is inaccurate. According to counsel, Signature believes that the parties engaged in communications in which they recognized that Signature need only use its best efforts. However, Signature is unable to identify those communications because they were oral and Signature cannot remember when they occurred and because Signature believes the concept of best efforts was merely implicit in every communication between the parties.

---

[2] Counsel also noted that the contract explicitly states that Signature shall use its best efforts. But the interrogatory at issue asks about Signature's separate allegation that, during the term of the agreement, the parties engaged in communications in which they agreed that Signature need only use its best efforts. Thus, Signature's referring Hostess to the agreement itself was not responsive to the interrogatory.

3

This is a complete answer to Interrogatory #7, and it is not a concession that no communications over best efforts occurred. Thus, Hostess's motion to compel a further response to Interrogatory #7 will be denied.

**B.     Interrogatories Nos. 14 & 16**

One of Signature's allegations in its complaint is that it had no obligation to fulfill a Hostess purchase order unless it "confirmed" the purchase order. Compl. ¶¶ 6–7. With respect to this allegation, Hostess served two contention interrogatories on Signature in which it asked it to separately identify the purchase orders it confirmed and did not confirm and to explain the process it used to either confirm or not confirm each purchase order. First, in Interrogatory No. 14, Hostess asked Signature to "identify each Hostess Purchase Order that You contend You did not confirm and for each state when, how, and to whom You communicated Your non-confirmation of the Purchase Order to Hostess." ECF No. 21-3 at 9 of 10. Second, in Interrogatory No. 16, Hostess asked Signature to "identify when and how You received and confirmed [each purchase order that it fulfilled], including by identifying the Person(s) who received and/or confirmed the Purchase Order." *Id.*

In response to each of these interrogatories, Signature referred Hostess to its document production and noted that the production contained the full set of purchase orders it had received from Hostess. But Signature did not identify the purchase orders that it did not confirm and did not explain the process it used to either confirm or not confirm purchase orders. After Hostess took issue with this omission, Signature supplemented its interrogatory responses. In its supplemental response to Interrogatory No. 14, Signature stated that it "did not take any action to communicate any non-

4

confirmation of any Purchase Order." ECF No. 21-15 at 5 of 7. And in its supplemental response to Interrogatory No. 16, Signature stated:

> Plaintiff does not presently possess the dates and time on which it received and confirmed each of the aforementioned Purchase Orders. Abe Brach, Solomon Gluck and Simche Abelesz are representatives of plaintiff who received and confirmed Purchase Orders from defendant. Plaintiff did not take any action to confirm the receipt of any Purchase Order.

*Id.*

In its motion to compel, Hostess contends that Signature's answers are still inadequate because they do not identify the specific purchase orders Signature contends it did not confirm and because they do not explain how Signature confirmed or did not confirm purchase orders. With respect to Interrogatory 14, Hostess is technically correct that Signature's response does not identify the specific purchase orders it claims it did not confirm. But Signature's responses to both interrogatories, when combined with statements that its counsel made during the meet-and-confer process, provides Hostess with the requested information. Essentially, Signature has answered these interrogatories by telling Hostess that no formal process for confirming or not confirming a purchase order existed. Instead, when Signature received a purchase order from Hostess, it contacted Hostess's representative to "coordinate which products would be produced and in what priority." ECF No. 21-11 at 3 of 7. Signature contends that, if it manufactured the product, then it confirmed the order. It also contends that, if it did not manufacture the product, then it did not confirm the order. *See* Br. in Opp. at 5 ("[Signature Wafers] confirmed, often informally, the purchase orders that it manufactured; it did not confirm those that it did not manufacture . . . .").

5

Signature's responses provide Hostess with all the information it requested in Interrogatories Nos. 14 and 16. Hostess now knows that Signature does not claim that it ever sent a communication to Hostess in which it explicitly confirmed, or indicated that it would not confirm, an order. Moreover, Hostess knows that Signature intends to rely on the fact that it did not fulfill an order as its only evidence of non-confirmation. Finally, Hostess knows which purchase orders Signature fulfilled and which ones it did not fulfill, and from such knowledge it can identify which purchase orders Signature contends it did not confirm. Thus, Hostess's motion to compel further responses to Interrogatories Nos. 14 and 16 will be denied.

**C.      Objections to Requests for Production**

Federal Rule of Civil Procedure 34, which governs requests for the production of documents, provides that any objection to a request "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). In its motion to compel, Hostess contends that Signature did not comply with this requirement because it did not, in its answer to each response, explicitly state that it either was or was not withholding documents based on an objection. I disagree. Although it is true that Signature's responses do not explicitly mention whether responsive materials were being withheld on the basis of an objection, Signature conveyed the same information through its manner of responding. For most requests, Signature stated an objection but then indicated that it was producing responsive documents. But for some requests, Signature stated only an objection. This indicates that Signature did not withhold documents responsive to the former requests but did withhold documents responsive to the latter. Signature's counsel confirmed this point in its correspondence

with Hostess's counsel during the meet-and-confer process. *See* ECF No. 21-12 at 4 of 5 ("This letter confirms that unless we specifically objected to the production of categories of documents, all responsive documents have been produced and no documents have been withheld from production."). Moreover, Hostess's counsel asked Signature's counsel to correct him if he was mistaken in thinking that Signature did not withhold documents pursuant to its objections to specific requests, *see* ECF Nos. 21–13 & 21-14, and Signature's counsel did not correct him, thus further confirming that no documents had been withheld.

Because Signature has adequately stated whether any responsive materials were withheld from its document production pursuant to an objection, Hostess's motion to compel a further statement on this point will be denied.

**D.    Requests for Production Nos. 24 & 25**

In Request for Production No. 24, Hostess requested "[d]ocuments sufficient to show each Person, other than Hostess, for whom Signature manufactured products." ECF No. 21-4 at 10 of 13. In Request for Production No. 25, Hostess requested "[d]ocuments sufficient to show the volume of products manufactured by Signature for each Person." *Id.* Signature objected to each of these requests on several grounds, including that the requests are not proportional to the needs of the case or limited to the facts at issue, and it has refused to produce responsive documents. Hostess moves to compel the production.

Hostess has not convinced me that the requested information is relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Hostess has requested documents relating to all Signature's customers and the volume of product Signature manufactured

7

for those customers. According to Hostess, this information is relevant to two issues: (1) Signature's claim that its work for Hostess prevented it from performing work for other customers, and (2) Signature's claim that it could not fulfill certain of Hostess's orders because it needed to use its facility to fulfill orders for other customers. As to the first, I fail to see how the identity of Signature's customers or the volume of product Signature produced for those customers is relevant to Signature's claim that its work for Hostess prevented it from performing work for other customers. Obviously, the work that Signature *did not* perform for other customers would not be reflected in documents recording the work that it *did* perform for other customers. Further, in response to Hostess's more targeted document requests, Signature agreed to produce documents relevant to its claim that it lost other work, *see* Signature's Resp. to RFP Nos. 4, 22–23, and so Hostess should already have all the documents relevant to Signature's claim of lost business.

As for Hostess's second reason for seeking this information, I do not see how the requested information relates to Signature's claim that it had to prioritize its work for other customers over its work for Hostess. The identity of other customers and the volume of product manufactured for those customers would not indicate how Signature prioritized its work. Perhaps there is some way that this information could be used to test Signature's claim, but if so, Hostess has not identified it. Thus, I am left to conclude that the requested information is not relevant to any claim or defense.

E.   **Requests for Production Nos. 27 & 29**

In Request for Production No. 27, Hostess requested "[a]ll documents and communications relating to the failure or refusal to attend a scheduled Hostess production run by any Signature employee, independent contractor, or other Person whom You had

8

Case 2:19-cv-01816-LA    Filed 12/03/20    Page 8 of 10    Document 27

for those customers. According to Hostess, this information is relevant to two issues: (1) Signature's claim that its work for Hostess prevented it from performing work for other customers, and (2) Signature's claim that it could not fulfill certain of Hostess's orders because it needed to use its facility to fulfill orders for other customers. As to the first, I fail to see how the identity of Signature's customers or the volume of product Signature produced for those customers is relevant to Signature's claim that its work for Hostess prevented it from performing work for other customers. Obviously, the work that Signature *did not* perform for other customers would not be reflected in documents recording the work that it *did* perform for other customers. Further, in response to Hostess's more targeted document requests, Signature agreed to produce documents relevant to its claim that it lost other work, *see* Signature's Resp. to RFP Nos. 4, 22–23, and so Hostess should already have all the documents relevant to Signature's claim of lost business.

As for Hostess's second reason for seeking this information, I do not see how the requested information relates to Signature's claim that it had to prioritize its work for other customers over its work for Hostess. The identity of other customers and the volume of product manufactured for those customers would not indicate how Signature prioritized its work. Perhaps there is some way that this information could be used to test Signature's claim, but if so, Hostess has not identified it. Thus, I am left to conclude that the requested information is not relevant to any claim or defense.

E.   **Requests for Production Nos. 27 & 29**

In Request for Production No. 27, Hostess requested "[a]ll documents and communications relating to the failure or refusal to attend a scheduled Hostess production run by any Signature employee, independent contractor, or other Person whom You had

asked or directed to work on a Hostess production run." ECF No. 21-4 at 10 of 13. In Request for Production No. 29, Hostess requested "[d]ocuments sufficient to show each Signature employee who terminated his or her employment with Signature during the period from August 27, 2018 through September 18, 2019." *Id.* Signature objected to each of these requests on the grounds that they are not proportional to the needs of the case or limited to the facts at issue, and it has refused to produce responsive documents. Hostess moves to compel the production.

Hostess contends that these requests are relevant to its allegation that Signature frequently failed to staff its operations at sufficient levels to enable it to fulfill Hostess's purchase orders. To the extent these requests seek documents discussing or referencing a worker's failure to attend a Hostess production run or Signature's inability to complete a Hostess production run due to insufficient manpower, I agree that the documents are relevant. But Signature has already produced all such documents. *See* ECF No. 21-11 at 6 of 7 (Signature's counsel's letter stating that "[t]o the extent that any staffing issues affected Signature Wafers' performance under the contract, that information is already contained in our document production").

What Hostess seeks in its motion to compel is for Signature to produce nearly all its personnel records for the time period in which the contract was in force. This request is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Hostess has already asked for and received documents indicating whether worker absences or shortages impacted Hostess production runs. Hostess has not explained how it would use Signature's raw attendance and employment data to investigate whether Signature failed to properly staff its operations to meet Hostess's needs. Further, these records are

9

likely be numerous and impose a substantial burden on Signature to collect and review. Thus, I conclude that that the request for such information is not proportional to the needs of the case.

### F. Request for Attorneys' Fees and Costs

Finally, Hostess asks that the court award it the fees and costs it incurred in bringing the motion. It makes this request under Federal Rule of Civil Procedure 37(a)(5)(A), which provides that the court must award fees and costs when granting a motion to compel and the opposing party's position was not substantially justified. Because I am denying Hostess's motion to compel, Hostess is not entitled to an award of fees and costs under this rule.

* * *

For the reasons stated, **IT IS ORDERED** that Hostess's motion to compel (ECF No. 21) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of December, 2020.

s/Lynn Adelman  
LYNN ADELMAN  
United States District Judge